No. 83-441

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

JEANNE SPOTORNO, Lewis & Clark
County Auditor,

Petitioner and Appellant,

-vs-

THE BOARD OF COMMISSIONERS OF
LEWIS & CLARK COUNTY, et al.,

Respondents and Respondents.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles A. Graveley, Helena, Montana

For Respondent:

Mike McGrath, County Attorney, Helena, Montana

---

Submitted on Briefs: March 5, 1984

Decided: September 6, 1984

Filed: SEP ─ 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff, Jeanne Spotorno, the Lewis and Clark County Auditor, appeals an order of the Lewis and Clark County District Court dismissing her petition for a writ of mandamus brought to compel the Board of Commissioners to fund a deputy auditor position that had been eliminated by the county commissioners due to budget cuts. In effect, the county commissioners determined that the auditor could do the work without the help of the deputy. The trial court originally granted an alternative writ of mandate, but then quashed the writ and dismissed the petition on the ground that the county commissioners had no clear legal duty to fund the position of deputy auditor. We affirm.

The facts leading to the budget cut do not bear on the legal issue. Also, we need not consider this Court's prior determination in Reep v. Board of County Commissioners of Missoula County (Mont. 1981), 622 P.2d 685, 38 St.Rep. 108, that the county commissioners are required to sufficiently fund the auditor's office so as to allow it to perform the minimum duties required by law. The District Court specifically found that this issue was never presented for its consideration. The sole issue therefore, is whether the county commissioners are required by law to fund at least one deputy auditor. We hold that the trial court properly dismissed the petition.

Three statutes are involved, two of them dealing with the authority to appoint deputies, and the third dealing specifically with the number of deputy auditors that an auditor may have in first, second, and third class counties,

Lewis and Clark County being a first class county. This statute, section 7-6-2413, MCA, expressly provides that:

> "The whole number of deputies allowed to county auditors must not exceed one in counties of the first, second, and third classes."

It is clear by this statute that the plaintiff here would be limited to a maximum of one deputy auditor, although the statute does not require that the auditor have even one deputy auditor.

The statutes controlling the appointment of deputies, when read by themselves, are in conflict, for one statute grants to the county commissioners what the other statute expressly grants to each county officer. Section 7-4-2401(1), MCA, originally enacted in 1895, provides in pertinent:

> "Every county and township officer, except justice of the peace, may appoint as many deputies or assistants as may be necessary for the faithful and prompt discharge of the duties of his office . . ." (Emphasis added.)

In 1907, however, the legislature enacted another statute, now codified as section 7-4-2402, MCA, and it provides:

> "The board of county commissioners of each county is hereby authorized to fix and determine the number of county deputy officers and to allow the several county officers to appoint a greater number of deputies than the maximum numbers allowed by law when, in the judgment of the board, such greater number of deputies is needed for the faithful and prompt discharge of the duties of any county office." (Emphasis added.)

If we were concerned solely with sections 7-4-2401(1) and 7-4-2402, MCA, an irreconcilable conflict would appear to exist. However, when these statues are considered in view of section 7-6-2413, MCA, supra, we reach a different conclusion.

Although the plaintiff relies on section 7-4-2401(1), MCA, as constituting her authority to appoint deputies without the control of the county commissioners, section 7-6-2413, MCA, is a more specific statute that sets a cap on the number of deputies a county auditor may have--one deputy. This specific statute must control over the general statute (section 7-4-2401(1), MCA) which applies to all county officers with the exception of the county commissioners. Furthermore, the specific statute does not mandate that the auditor have one deputy, it simply permits a maximum of one deputy. The question becomes one of whether the auditor can appoint one deputy and therefore compel the county commissioners to fund that position. We conclude, based on section 7-4-2402, supra, that the auditor has no authority to appoint a deputy; rather, the authority to determine the number of deputies resides with the county commissioners.

Section 7-4-2402, expressly allows the county commissioners "to fix and determine the number of county deputy officers," and to permit a greater number than permitted by statute if the commissioners believe that that it is necessary for the proper discharge of a county officer's duties. Here the commissioners determined that the auditor could properly function without a deputy and they therefore refused to fund the money for the continued employment of the deputy auditor. In light of this statutory scheme applicable to auditors, we agree with the trial court that no clear legal duty exists for the commissioners to fund the position of deputy auditor.

We emphasize that we confine our opinion to the statutory framework that exists in this case. Were it not for section 7-6-2413, which specifically limits the number of

deputy auditors to one, we would be faced with interpreting what appears to be irreconciliable statutes--sections 7-4-2401(1) and 7-4-2402, MCA.

The order of the District Court dismissing the petition for a writ of mandamus, is affirmed.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
        Justices

Mr. Justice John Conway Harrison concurring in part and dissenting in part.

I would concur, but would limit the appellant's liability for not being able to comply as required by sections 17-4-3003, 17-6-2412,17-6-2407,17-6-2408 and 17-6-2409, MCA.

_____
                    Justice

- 5 -